IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BRITTANY FILIPEK,

                    Plaintiff,

v.                                        CIVIL ACTION NO.   5:14-cv-19112

ROADSAFE TRAFFIC SYSTEMS, INC. and
JOHN DOES 1-10,

                    Defendants.

MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant, Roadsafe Traffic Systems, Inc.'s *Partial Motion to Dismiss Plaintiff's Complaint* (Document 6) and *Memorandum of Law in Support of Partial Motion to Dismiss Plaintiff's Complaint* (Document 7), as well as the *Plaintiff's Response in Opposition to Defendant Roadsafe Traffic Systems, Inc.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 12), and the *Reply to Plaintiff's Response in Opposition* (Document 14). After careful consideration of the complaint and all written submissions, the Court finds that the Defendant's motion should be denied.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 23, 2014, the Plaintiff filed her *Complaint* (Document 1) in the United States District Court for the Southern District of West Virginia.[1]   The Plaintiffs claim that they were

---

1      The Court notes that the Plaintiff's mother's case was consolidated with this case by Order entered on September 22, 2014 (Document 18).   Accordingly, the Plaintiffs' arguments and claims will be addressed together. Filings in both cases are essentially identical. The Court will cite to documents in Case No. 5:14-cv-19112 unless otherwise indicated.

injured when a Roadsafe Traffic Systems, Inc.'s (Roadsafe) truck, driving southbound on I-77, lost "an unsecured piece of construction material" which "impacted Plaintiff's vehicle shattering the vehicle's front windshield and causing other property damage."   (Document 1 at 2.)   The Plaintiffs also claim that instead of stopping, the unknown driver of the Roadsafe truck "fled the scene of the incident."   (*Id.*)   As a result, both Plaintiffs claim that they "sustained injuries to [their] neck, back and body."   (*Id.*)

Each of the Plaintiffs filed a four count complaint in this Court.   Count One alleges negligent, reckless, willful, wanton and/or intentional misconduct.   Count Two alleges violations of multiple applicable statutes.   Count Three alleges the tort of outrage, and Count Four prays for punitive damages.   (*Id.* at 2-4.)   Both Plaintiffs claim they suffered "severe injuries and damages including past and future medical expenses, past and future lost wages, and past and future physical pain and suffering."   (*Id.* at 3.)   They pray for "judgment against Defendants for compensatory and punitive damages in an amount to be determined by a jury, together with taxable court cost[s] and interest."   (*Id.* at 5.)

On August 1, 2014, Defendant Roadsafe filed its *Partial Motion to Dismiss* and *Memorandum in Support,* and the Plaintiffs filed their respective *Responses in Opposition* on August 14, 2014.   On August 21, 2014, the Defendant filed its *Reply*.


## II.     APPLICABLE LAW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.   *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).   "[T]he legal sufficiency of a

complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"   *Id.*   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint."   *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).   Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."   *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.)   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.)   In

3

the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.)  "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### III.    DISCUSSION

As an initial matter, the Court notes that jurisdiction is proper pursuant to 28 U.S.C. § 1332 as the Plaintiffs are residents of Beaver, Raleigh County, West Virginia, while the Defendant is a Delaware corporation with its principal place of business at 8750 W. Bryn Mawr, Suite 400, Chicago, Illinois 60631, and further, the amount in controversy exceeds $75,000, exclusive of interest and costs.  (*See* Document 1 at 1.)

The Defendant first argues that Count Three of the Plaintiffs' complaints should be dismissed because "[a]s a matter of law, the conduct complained of—negligently securing construction material to a truck—is not "so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress."  (Document 7 at 5.) (internal quotations omitted.) Further, "[t]here are no facts even supporting the claim that Plaintiff[s] suffered emotional distress so severe that no reasonable person could be expected to endure it, as the only injuries specifically alleged are soft tissue neck and back injuries."  (*Id.*) (internal reference omitted.)  The Defendant then asserts that the only allegations that could even remotely support the claimed tort of outrage is the allegation of fleeing, but "this is not enough, as there are obvious alternative explanations for

the driver not stopping," such as he or she not knowing a piece of material fell, and thus not knowing an accident occurred.   (*Id.*)

The Defendant also claims that the Plaintiffs have done nothing more than recite labels and conclusions to provide a formulaic recitation of the elements of the tort of outrage, something *Twombly* specifically discourages.   (*Id.* at 5-6.)   It also argues that the claim in Count Four for punitive damages fails for a similar reason—that the Plaintiffs' complaints are "nothing more than conclusory allegations and a formulaic recitation of legal standards."   (*Id.* at 6.)   Roadsafe argues that the conduct is not so reprehensible that punitive damages are appropriate, and further, the conduct was not willful, wanton, reckless, and/or intentional, demonstrating gross disregard. (*Id.*)   It claims that this is nothing more than a simple negligence claim.   (*Id.* at 7.)

The Plaintiffs respond that the tort of outrage and punitive damages are plausible based on the allegations in her complaint, and stresses that the accusation that the driver fled the scene could support a cause of action for outrage and punitive damages.   (Document 12 at 5-6.)   She also argues that the parties should be allowed to proceed to discovery, including the taking of a deposition of the driver, to investigate whether he intentionally fled or not.   (*Id.*)   Alternatively, she requests that she be allowed to amend her complaint if the Court finds that her allegations are insufficient.   (*Id.* at 7.)

The Defendant replies that the Plaintiffs' claims of outrage and punitive damages are speculative at best, and also avers that "[w]here the pleadings state noting more than legal conclusions, they are not entitled to the assumption of truth."   (Document 14 at 1-2.)   It again stresses the nature of the accident and posits that a construction sign flying off the back of a truck is not indicative of the driver intentionally fleeing the scene of the accident.   (*Id.* at 3.)   It also

asserts that the driver was probably not aware that the equipment fell off the truck.   (*Id.*) Roadsafe argues that even if the Court accepts that fleeing would be sufficient to satisfy the pleading standard, the outrage claim still fails because there is no allegation that the Plaintiffs suffered emotional distress, and further, no allegation that the emotional distress was so severe that no reasonable person could be expected to endure it.   (*Id.* at 4.)   It notes that the Plaintiffs' complaints are "entirely silent in this regard."   (*Id.*)   Roadsafe further argues that the Plaintiffs have failed to state a claim for punitive damages for the same reasons as it fails for the tort of outrage.   (*Id.* at 5.)   It avers that the Plaintiff's request to amend is improper and should be denied because said request was not made by separate motion stating with particularity the grounds for seeking leave to amend.   (*Id.* at 6.)

The Court finds that the allegations contained in the Plaintiffs' complaints are legally sufficient to survive the Defendant's motion to dismiss.   In Count Three, the Plaintiffs clearly articulate that they have suffered severe emotional distress as a result of the Defendants' actions, and further allege that these acts were and are so severe that no reasonable person could be expected to endure it.   (Document 1 at 4.)   Similarly, the Plaintiffs' allegations of reprehensible and intentional conduct evincing gross indifference to their safety and welfare in Count Four are enough to support a claim for punitive damages at this stage.

Both counts, in both complaints, plainly allege (and reincorporate) that the driver of the Roadsafe truck fled the scene following the accident, and their allegations are entitled to acceptance as truth under the well known 12(b)(6) standard.   They do not rely on speculation or an implausible conclusion, and the Defendant's effort of explaining why the driver likely fled cannot be considered by the Court at this juncture.   The Court finds that the Plaintiffs' complaints

contain sufficient factual allegations to support their claims to relief for the tort of outrage and punitive damages that are plausible on their face.  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.)   Thus, dismissal under 12(b)(6) is not appropriate.

## CONCLUSION

Wherefore, after thorough review and careful consideration, based on the findings herein, the Court does hereby **ORDER** that Defendant Roadsafe Traffic Systems, Inc.'s *Partial Motion to Dismiss Plaintiff's Complaint* (Document 6) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        September 24, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

7